Robert **DEMEULANAERE**, et al., and **Universal Cash Register Corporation, Plaintiffs,**

Universal Machines, Inc., C. E. Schroeder and Marcel Anthony D'Ochaine, **Intervener-Plaintiffs,**

v.

**ROCKWELL MANUFACTURING COMPANY**, Ohmer Corporation, The National Cash Register Company and John O. Ekblom, Defendants,

Raymond Flasselaerts, Andre Matthyssens and Auguste Lambiotte, Applicants for Intervention.

United States District Court
S. D. New York.
Jan. 2, 1957.

See, also, 23 F.R.D. 686.

Amen, Gans, Weisman & Butler, New York City, for plaintiffs.

Fulton, Walter & Halley, New York City, for intervener-plaintiffs.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants Rockwell Mfg. Co., Ohmer Corp. and John O. Ekblom.

Shearman & Sterling & Wright, New York City, for defendant National Cash Register Co.

Littauer & Ullman, New York City, for intervener-applicants.

PALMIERI, District Judge.

This is an application by three individuals, Raymond Flasselaerts, Andre Matthyssens and Auguste Lambiotte, to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action is under the Sherman Act for treble damages based upon an alleged conspiracy on the part of defendants to monopolize interstate and foreign commerce in cash registers. See 15 U.S.C.A. §§ 1–7, 15, note.

It appears that the intervener-plaintiffs already in this action, whose interests are identical with those of the applicants, were permitted to intervene by order of Judge Bondy pursuant to stipulation of the parties. It further appears that all the questions of law and fact indicated by the proposed complaint of the applicants are identical with the questions of law and fact already at issue in this action. Indeed, it was conceded upon the argument by counsel for the defendants that the proposed complaint is identical with the complaint of the prior interveners, except for the parties and amount of interest. Moreover, it is substantially similar to the complaint of the plaintiffs.

Since I can discern no prejudice or delay to the defendants in view of the applicants' expressed willingness to be bound by all proceedings, discovery and stipulations performed to date in this action, except as to those portions thereof made by plaintiffs with respect to applicants' ownership or interests in the patents involved, the application is granted as an exercise of discretion pursuant to the permissive provisions of Rule 24(b). See Moore, Federal Practice, 2d Ed. Vol. 4, p. 59 et seq.

I understand there is now pending before Judge McGohey a motion by defendants to dismiss this action. The order herein should abide the entry of the order pursuant to Judge McGohey's decision and shall be entered only in the event the motion is denied and on two days' notice.