Robert DEMEULENAERE, Marcel Demeulenaere, Jeanne Demeulenaere, Irma Demeulenaere, Irene Demeulenaere, Paul Demeulenaere, Alfred Demeulenaere and Universal Cash Register Corporation, Plaintiffs,

Universal Machines, Inc., C. E. Schroeder and Marcel Anthony D'Ochain, Intervener Plaintiffs,

Raymond Flasselaerts, Andre Mattyssens and Auguste Lambiotte, Additional Intervening Plaintiffs,

v.

ROCKWELL MANUFACTURING COMPANY, Ohmer Corporation, The National Cash Register Company and John O. Ekblom, Defendants.

United States District Court
S. D. New York.

Jan. 26, 1959.

Philip Handelman, New York City, John I. Coster, New York City, of counsel, for plaintiffs.

Shearman & Sterling, New York City, Robert L. Clare, Jr., and George W. Foley, New York City, of counsel, for defendant, National Cash Register Co.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants, Rockwell Mfg. Co., Ohmer Corp., and John O. Ekblom.

Fulton, Walter & Halley, New York City, for intervener plaintiffs, Universal Machines, Schroeder & D'Ochaine.

Littauer & Ullman, New York City, for intervening plaintiffs, Flasselaerts, Mattyssens and Lambiotte.

FREDERICK van PELT BRYAN, District Judge.

Defendant National Cash Register Company moves, pursuant to Rules 37(d) and 41, F.R.Civ.P., 28 U.S.C.A., to dismiss this action with prejudice against all of the plaintiffs for failure of five of them to appear for examination in New York pursuant to orders of this court, or, in the alternative, for such a dismissal unless these five plaintiffs duly submit to such examination. The other defendants join in the motion.

Plaintiffs cross-move, pursuant to Rule 12, F.R.Civ.P., to dismiss the complaints of the intervener and additional intervener plaintiffs upon the ground that they are not proper parties to the suit.

 This action, commenced in 1952, has had a long and spotty career. It is brought to recover treble damages in the sum of $75,000,000 for alleged conspiracy by defendants to destroy plaintiffs' cash register business in violation of the Sherman Act, 15 U.S.C.A. §§ 1, 2, 3 and 5. The individual plaintiffs, all members of the same family, are Belgians, five of whom, Jeanne, Irma, Irene, Paul and Alfred, are residents of Belgium, and the other two of whom reside in the United States. They are collectively referred to in the complaint as "The Demeulenaeres", and are alleged to have been the owners and inventors of cash registers and other calculating and registering machines which were patented, some of which were licensed to the other plain-

tiff, Universal Cash Register Corporation. Alleged acts of the defendants in preventing the production and marketing of these machines are the gravamen of the complaint.

At times this litigation has been dormant. At others it has been fairly active. Recently, after a period of lethargy, it appears to have been revived with some vigor upon the substitution of a new attorney for the plaintiffs about a year ago.

However, it has been on the assignment calendar twice and was finally stricken therefrom in April of 1956. Since then it has been on the dismissal calendar four times, and on each occasion plaintiffs' time to file a note of issue has been repeatedly extended on one excuse or another.

The defendants' motions to dismiss arise out of the failure of the five Belgian Demeulenaeres to appear for examination in New York pursuant to notices to take their depositions here, served by the defendants in 1952, immediately after the commencement of the action. These examinations were adjourned by numerous stipulations, the last two of which were approved by order of the court, and on April 8, 1953, an order entered by Judge Knox provided that these examinations should be taken after a preliminary deposition of the plaintiff Marcel Demeulenaere had been completed "without loss of priority of [defendants'] right to conduct and complete the said noticed examinations before plaintiffs examine defendants".

The preliminary examination of Marcel was concluded on August 19, 1953, and thereafter Robert Demeulenaere, the other individual plaintiff resident here, was produced for examination. His examination has not yet been completed and there is further examination to be taken of Marcel.

When plaintiffs' new attorney was substituted (on the eve of a dismissal for

lack of prosecution) counsel for the defendants rescheduled the depositions of the five Belgian plaintiffs. None of them appeared for examination on the rescheduled dates. Thereafter these plaintiffs twice moved to require the examinations on which they had already defaulted to be taken by written interrogatories instead of by oral examination in New York. Such relief was twice denied them.

On the last occasion, March 11, 1958, a plea for such relief was again made upon the grounds of financial hardship. Judge Cashin found such hardship had not been shown and refused to permit written interrogatories instead of oral examination in New York. He ordered that the depositions proceed on the basis of the original notices for oral examination in New York. The plaintiffs apparently still refuse to appear and their attorney has indicated that they have no intention of so doing.

There is no doubt that these five plaintiffs are in default for failing to appear for examination pursuant to orders of this court as their attorney concedes, and that their testimony is material and necessary to the defense of the action.

The attorney for the five plaintiffs apparently has no very serious objection to the dismissal of the complaint as against them because of their default since he now asserts that they are not proper parties to the suit anyway. He strenuously objects, however, to dismissal as to all the plaintiffs.

The position of the defendants, on the other hand, is that the action should be dismissed against all of the plaintiffs because of the default of the five Belgian plaintiffs. Defendants assert that the five Belgian plaintiffs are indispensable parties to the action and that therefore without them the action must fall as to all of the plaintiffs. They therefore argue that since they are entitled to dismiss as to the Belgian plaintiffs the court must, at the same time, dismiss as to the other three for lack of indispensable parties.

They urge, moreover, that to dismiss as to the five Belgian plaintiffs only would merely operate to deprive them of the opportunity of examining these plaintiffs and prevent them from obtaining material essential to their defense, and that the only remedy which would afford them relief to which they are entitled would be a dismissal as to all.

The intervener and additional intervener plaintiffs take the position that the dismissal of the actions as to the five Belgian plaintiffs would be highly prejudicial to them since as a practical matter a substantial portion of the proof in the action is in their hands and that for the same reason dismissal as to all would destroy the possibility of their establishing their causes of action.

I do not think that the position of the defendants that the complaint should be dismissed with respect to all eight plaintiffs because five of them have failed to appear for examination is well taken. The issue as to whether or not the five Belgian plaintiffs are indispensable parties so as to require the dismissal of the complaint as to the other three plaintiffs if the Belgian plaintiffs are eliminated, is not properly raised by defendants' motions under Rules 37(d) and 41(b). These motions relate only to dismissal for failure to appear for examination and to comply with orders of the court. There is no showing here that there has been any such lack of compliance by plaintiffs Robert and Marcel Demeulenaere and Universal Cash Register Corporation. If the complaint be dismissed as to the five Belgian plaintiffs and they are no longer parties to the action then the defendants may properly move for dismissal of the complaint for lack of indispensable parties pursuant to Rule 12(c). Such a motion has not been made and indeed is not appropriate now.

In view of the importance of the question as to whether the action on behalf of the three remaining plaintiffs can be

maintained if the Belgian plaintiffs are eliminated and the possible prejudice to the intervener plaintiffs which would arise, I am not prepared to dismiss as to the five Belgian plaintiffs without giving them a last opportunity to appear for examination in New York in compliance with the court's orders. The defendants themselves, by their prayer for alternative relief, plainly envision such a disposition. It may well be that the parties to this suit who are interested in keeping these plaintiffs in to preserve their position in the action may be able to persuade them to appear in New York for examination. That is up to them.

I will therefore dispose of the defendants' motions by directing, as to each of the five plaintiffs, Jeanne, Irma, Irene, Paul and Alfred Demeulenaere, that unless they appear for examination by the defendants in New York within forty-five days of the date of the order to be entered on this motion the complaint will be dismissed with prejudice as to each of them who does not do so. As an alternative to examination in New York they may agree to submit to examination in Belgium under the Federal Rules within such forty-five day period after providing defendants' counsel with sufficient funds to cover defendants' expenses, including counsel fees, for such examination.

Plaintiffs' motion to dismiss the complaints of the intervener and additional intervener plaintiffs requires little discussion. The intervener plaintiffs were permitted to intervene in the action by order of the court pursuant to stipulation of the parties. The additional intervener plaintiffs were permitted to intervene by Judge Palmieri in his memorandum decision of January 2, 1957, after a hearing on the merits. D.C., 23 F.R.D. 689. The plaintiffs have shown no grounds whatsoever for overriding these previous dispositions of the questions they now seek to raise. Their motion to dismiss is in all respects denied.

Settle order on notice.